STATE OF MONTANA,
                    Plaintiff,                              NO. 1346
          vs.                                              DECISION
DARREN JAMES BROWN,
                    Defendant.

On June 2, 1992, the Defendant was sentenced to ten (10) years for COUNT I, Obstructing Justice; ten (10) years for COUNT II, Negligent Homicide; ten (10) years for COUNT III, Criminal Endangerment. Terms are to run consecutively with 10 years of the aggregate prison sentence suspended subject to conditions as listed in the June 2, 1992 Judgment. The defendant is designated as a dangerous offender. Credit is given for 21 days time served.

On March 24, 1994, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Mark Yeshe, Attorney at Law, from Helena, Montana. The state was represented by Richard Llewellyn, Jefferson County Attorney.

Judge Baugh informed counsel that this matter has been remanded back to the District Court for consideration of restitution. Considering the fact that the restitution has not yet been resolved, Judge Baugh asked counsel, Mark Yeshe, if he wished to go forward with sentence review. His response was, "yes, they wished to go forward at this time."

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it if such is possible. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the original sentence be affirmed with modifications as follows: the defendant shall be ineligible for parole or participation in a supervised release program prior to serving eight (8) years of his sentence. All other portions of the sentence shall remain the same.

The reason for the decision is the amendment is necessary so the original sentence can remain consistent with what was contemplated by the plea agreement and the sentencing court. The original sentence was appropriate when rendered and remains so. The sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to deem inadequate or excessive as required to overcome the presumption per Rule 17 of the Rules of the Sentence Review Division of the Montana Supreme Court.

DATED this 24th day of March, 1994.

**Hon. G. Todd Baugh, Chairman, Hon. John Warner and Hon. Ted Lympus, Members.**

The Sentence Review Board wishes to thank Mark Yeshe, Attorney from Helena, for his assistance to the defendant and to this Court.

They would also like to thank Mr. Llewellyn for appearing on behalf of the State of Montana.